UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

SOVEREIGNTY JOESEPH HELMUELLER
SOVEREIGN FREEMAN,

        Plaintiff,

        v.                                                                         Case No. 23-cv-0297-bhl

L. WILSON,
DOE 1, and
DOE 2,

        Defendants.

___

## SCREENING ORDER

___

        Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

        Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $9.31. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that on at least two occasions his legal mail was opened without his consent, outside of his presence. One of the items contained a "registered certif[i]ed summons which was si[g]ned on the green return slip rec[e]ipt outside of [his] presence." Dkt. No. 1 at 2. Plaintiff notes without elaboration that "this seriously affected an ongoing lawsuit." Plaintiff asserts that he filed an inmate grievance about the opening of his mail, but Defendant L. Wilson improperly rejected the grievance, which prevented him from submitting an appeal. Plaintiff further asserts that his legal work has been seized in retaliation and that he has been locked in a room for hours and handcuffed to a table with no pen or paper, making a mockery of his access to legal resources. According to Plaintiff, he has been denied access to the law library multiple times. Finally, Plaintiff alleges that prison officials have not properly addressed his ear, respiratory, and cancer symptoms. Dkt. No. 1.

### THE COURT'S ANALYSIS

Plaintiff fails to state a claim based on allegations that his "legal mail" was opened outside of his presence on at least two occasions. The Seventh Circuit has explained that not all legal mail is entitled to the same level of confidentiality. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 803-04 (7th Cir. 2010). Mail from courts or agencies often contains public documents that "prison officials have as much right to read as the prisoner" or "routine and nonsensitive" nonpublic documents. *Id.* at 804. Plaintiff offers no details about the "legal mail" that was opened outside of his presence, but depending on the documents that the mail contained, he may be unable to show that he suffered a constitutional harm. Plaintiff asserts that the opening of his mail "seriously

3

Case 2:23-cv-00297-BHL   Filed 04/06/23   Page 3 of 7   Document 9

affected an ongoing lawsuit," but he provides no description of the lawsuit or explanation of how the opening of his mail impacted that lawsuit. As explained, the Court need not accept as true Plaintiff's legal conclusions, and the Court will not speculate about factual allegations Plaintiff failed to provide. In sum, Plaintiff fails to state a claim because he did not include sufficient plausible factual allegations to raise his right to relief above the speculative level.

Plaintiff also fails to state a claim based on Wilson's alleged improper handling of his grievance. Although not clear, it appears that Wilson rejected Plaintiff's grievance on procedural grounds because he failed to use his legal name when he signed the grievance. Plaintiff disagrees with her rejection but rejecting a grievance on a completed act of misconduct does not give rise to a constitutional violation. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) (explaining that "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation").

Plaintiff also fails to state a claim based on allegations that he did not have access to his legal materials and was denied access to the law library several times. As the Seventh Circuit has explained, "the mere denial of access to a prison library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts," and only if the defendants' conduct "has frustrated or is impeding an attempt to bring a nonfrivolous legal claim" has that right been denied. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *In re Maxy*, 675 F.3d 658, 660-61 (7th Cir. 2012) (citations omitted). Plaintiff does not assert that these alleged challenges prevented him from bringing a nonfrivolous legal claim, so he fails to state a claim.

Nor does Plaintiff state a claim based on assertions that his health issues were not properly addressed. Plaintiff's complaint does not include any factual allegations about the nature of his symptoms, who was involved, what was or was not done in response to his complaints, or how he

4

was injured by those responses or lack of responses. "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

The Court will give Plaintiff an opportunity to file an amended complaint by **May 5, 2023** that cures the deficiencies identified in this decision. Plaintiff should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist him in relation to those events. Plaintiff should set forth his allegations in short and plain statements and ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

Plaintiff is advised that the amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Plaintiff's failure to state a claim in his original complaint.

Finally, the Court reminds Plaintiff that, pursuant to the controlling principle of Fed. R. Civ. P. 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim . . . may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated

Claim B against Defendant 2." *George*, 507 F.3d at 607. Thus, if Plaintiff decides to file an amended complaint, he must include only related claims, meaning that any claims must arise out of the same event or series of events and must share common questions of law and fact that apply to all Defendants named in the amended complaint. If Plaintiff wants to pursue unrelated claims, he may do so in separate cases.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **May 5, 2023**, Plaintiff may file an amended complaint curing the deficiencies in the original complaint as described in this decision. If Plaintiff does not file an amended complaint or ask for more time to do so by the deadline, the Court will dismiss this action based on Plaintiff's failure to state a claim in the original complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $340.69 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Plaintiff is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on April 6, 2023.

> s/ *Brett H. Ludwig*
> BRETT H. LUDWIG
> United States District Judge