UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SOVEREIGNTY JOESEPH HELMUELLER
SOVEREIGN FREEMAN,

          Plaintiff,

    v.                                          Case No. 23-cv-0297-bhl

L. WILSON,
DOE 1,
DOE 2,
T. MOON, and
M. GREENWOOD,

          Defendants.

---

## SCREENING ORDER

---

Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On April 6, 2023, the Court gave Plaintiff an opportunity to file an amended complaint, which he did on April 20, 2023. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of

Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff asserts that, in 2022, an envelope containing a summons to appear was opened outside of his presence. He states that he filed an inmate complaint, which he asserts was improperly denied by L. Wilson. According to Plaintiff, three additional legal mail items were opened outside of his presence on February 2, 2023, and then placed in his cell door while he was sleeping. Plaintiff explains that the mail was from a lawyer and contained time-sensitive materials relating to Case No. 21-cv-369, which was then pending in the Western District of Wisconsin. Plaintiff speculates that an unidentified person opened the mail to retaliate against him for filing an inmate complaint. Plaintiff also sues institution complaint examiners for "mocking [him] and or taunting [him] by denying [his] valid complaints, sending things back which were approved to be cop[ied] [and] also accusing [him] of using a false name." Dkt. No. 10 at 26. Plaintiff believes the institutional complaint examiners are retaliating against him for filing a lawsuit. Dkt. No. 10.

## THE COURT'S ANALYSIS

Plaintiff fails to state a claim based on allegations that four items of "legal mail" were opened outside of his presence. As the Court explained in the original screening order, the Seventh Circuit has noted that not all legal mail is entitled to the same level of confidentiality. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 803-04 (7th Cir. 2010). A prisoner suffers no constitutional harm when public documents that "prison officials have as much right to read as the prisoner" or "routine and nonsensitive" nonpublic documents are opened outside the prisoner's presence. *Id.* at 804-06 (holding that "as long as the prison confines itself to opening letters that

2

either are public or if private still are not of a nature that would give the reader insights into the prisoner's legal strategy, the practice is harmless and may be justified by the volume of such mail that a litigious prisoner can generate").

According to Plaintiff, the first piece of legal mail opened outside of his presence was a summons to appear mailed by the St. Croix district attorney. A summons is an official court document that is publicly available. Plaintiff suffered no constitutional harm from prison officials opening the document outside of his presence, particularly given that they would have to be informed of the summons for Plaintiff to comply. The next three "legal mail" items were sent to Plaintiff in February 2023 in connection with *Helmueller v. McLain*, Case No. 21-cv-369 in the Western District of Wisconsin. Plaintiff attaches the envelopes he asserts were opened outside of his presence. The sender was Crivello Carlson S.C., the law firm representing the defendants. A review of the publicly available docket reveals that the defendants mailed their summary judgment materials to Plaintiff on January 13, 2023. Dkt. No. 99. Those materials were apparently not delivered because Crivello Carlson re-mailed the materials to Plaintiff on January 31, 2023. Dkt. No. 103. Plaintiff asserts that he received three opened envelopes from Crivello Carlson a few days later, on February 2, 2023. Plaintiff does not specify what documents were in the envelopes, but he does note that they were "time-sensitive" and related to his case. As such, the only reasonable inference is that the envelopes contained the defendants' summary judgment materials. Given that those materials were publicly available, Plaintiff suffered no constitutional harm from a prison official opening the envelopes outside of his presence.

Nor does Plaintiff state an access-to-the-courts claim based on the envelopes being opened, which Plaintiff suggests delayed the delivery of his mail. To state such a claim, Plaintiff was required to identify an underlying claim that was lost as a result of the prison official's alleged

misconduct. *See Steidl v. Fermon*, 494 F.35 623, 633 (7th Cir. 2007). But Plaintiff's case was not dismissed because the delivery of the summary judgment materials was delayed. Per the docket, the court acknowledged the delay and extended Plaintiff's deadline to respond. He responded to the defendants' summary judgment motion on February 24, 2023, Dkt. No. 106, and so suffered no harm as a result of the delayed delivery.

Nor does Plaintiff state a retaliation claim, as his allegations are too conclusory to raise his right to relief above the speculative level. Plaintiff asserts that an unnamed person retaliated against him because Plaintiff filed an inmate complaint. But without knowing who opened his mail, Plaintiff is merely speculating that the person knew he had filed an inmate complaint and that he or she was motivated to open Plaintiff's mail because he filed an inmate complaint. "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Plaintiff also fails to state an equal protection claim. "To establish a prima facie case of discrimination under the equal protection clause, [plaintiff is] required to show that he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated different from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). Plaintiff does not include allegations from which the Court can reasonably infer that he was a member of a protected class or that he was treated differently from similarly situated members of an unprotected class.

Plaintiff also fails to state a claim against L. Wilson, the institution complaint examiner, who allegedly rejected Plaintiff's inmate complaint about his mail being opened. Plaintiff fails to

4

state a claim that the opening of his "legal mail" violated the Constitution, so he was not harmed by Wilson's allegedly improper rejection of his inmate complaint on that topic. *See George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). And, in any event, "[o]nly persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Id.* (internal citations omitted).

Finally, Plaintiff asserts that Wilson, T. Moon, and M. Greenwood, the institution complaint examiners, have repeatedly violated his rights by rejecting and denying his inmate complaints, refusing to make copies, and mocking him. Under Rule 20(a)(2), persons may be joined in one action as defendants if any right to relief asserted against them "arises out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Plaintiff seeks to sue Wilson, Moon, and Greenwood based on their alleged misconduct in processing his inmate complaints, most of which had nothing to do with the opening of his legal mail. Given that his proposed claim against the institution complaint examiners does not overlap factually or legally with his proposed claim about the opening of his legal mail,[1] the institution complaint examiners are not properly joined in this action. Accordingly, the Court will dismiss them. *See* Fed. R. Civ. P. 21. If Plaintiff wishes to pursue this claim against them, he must do so in a separate case.

**IT IS THEREFORE ORDERED** that claims against L. Wilson, T. Moon, and M. Greenwood that are based on the alleged improper handling of inmate complaints about topics other than the opening of his legal mail are **DISMISSED** because they are not properly joined in this action.

---

[1] To be clear, Plaintiff's allegations that Wilson improperly rejected his inmate complaint about the opening of his legal mail are properly joined in this action, but as explained, those allegations fail to state a claim. Claims based on allegations that the institution complaint examiners improperly handled inmate complaints about misconduct *other than* the opening of his legal mail are not properly joined in this action.

5

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on May 9, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.